ordinary. This, not because the service was for salvage, but because of its unusual character as towage.

The testimony taken since the appeal has changed the case somewhat, in this particular, from what it was below. Several witnesses have been examined as to the ordinary price of towage and the value of the Souder. It now appears that the value of the vessel was not more than one-half of what was testified to below, and that, if the service had been performed by a tug sufficiently large and powerful to bring her in as expeditiously as the Monterey did, the charge would not have exceeded five or six hundred dollars. Under these circumstances, I think one thousand dollars ample compensation to the Monterey, both for the towage and the damage to her hawser.

As the recovery is upon a quantum meruit for work and labor done, and not for salvage service, interest is allowed at the rate of seven per cent., from August 26th, 1869.

The claimants having been successful, in this court, in reducing the claim of the libellants from salvage to towage, which is all that was asked in the answer, they are entitled to costs in this court. The libellants should recover costs in the district court.

## Case No. 4,459.

### In re EMISON.

[2 N. B. R. 595 (Quarto, 179);[1] 1 Chi. Leg. News, 342.]

District Court, D. Kentucky. May 10, 1869.

BALLARD, District Judge. I concur with the register. If the creditor wishes to withdraw the instrument proven, he may do so in pursuance to the provisions of the twenty-fourth section of the bankrupt act [of 1867 (14 Stat. 528)], but the proof cannot be withdrawn at all. Doubtless it may be waived, but it cannot be withdrawn.

## Case No. 4,460.

### The EMMA.

[See Case No. 18,218.]

## Case No. 4,461.

### The EMMA.

[Blatchf. Pr. Cas. 561.][1]

District Court, S. D. New York. Oct., 1863.

BETTS, District Judge. This vessel and cargo were captured at sea by the steamer